IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY HILL, : CIVIL NO. 3:CV-11-0080
    Petitioner, :
: **(Judge Munley)**
v. :
:
WILLIAM SCISM, :
    Respondent :

## MEMORANDUM

Petitioner Anthony Hill ("Hill"), a federal inmate presently incarcerated at the Low Security Correctional Institution at Allenwood, White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 11, 2011, arguing that respondent is not properly applying the Second Chance Act of 2007 (the "Second Chance Act"), 18 U.S.C. §§ 3621, 3624, which increases the possible length of pre-release placement in a Residential Reentry Center ("RRC"). Specifically, he contends that respondent is not affording him credit for his participation in skills development classes in accordance with 42 U.S.C. § 17541, a provision in the Second Chance Act. The petition has been preliminarily screened pursuant to Rule 4, of the Rules Governing § 2254 CASES (directing prompt examination of the petition and, if the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order), see also id. at R 1(b) (rules applicable to § 2241 cases at the discretion of the judge), and, for the reasons set forth below, the petition will be granted to the extent that the BOP will be directed to conduct a separate consideration of

Hill's participation in skills development classes in accordance with 42 U.S.C. § 17541.

I. **Background**

On April 9, 2008, subsequent to Hill's sentencing, the Second Chance Act was signed into law. The Act increases the possible length of pre-release placement in an RRC from six to twelve months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008). In accordance with the statute, regulations were issued to ensure that placement in a community correctional facility by the BOP is conducted in a manner consistent with section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community. 18 U.S.C. § 3624(c).

Hill takes issue with the fact that, despite having completed extensive skills development programs, he was not considered for an incentive reward in accordance with 42 U.S.C. § 17541. (Doc. 2, at 2-3.) Prior to filing the instant petition, he pursued relief through the BOP's administrative review process; "a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment." (28 C.F.R. §§ 542.10-542.19)(Doc. 1-2, at 2-5; Doc. 2, at 29-41.)[1] He was informed as follows:

---

[1] It appears from the documents attached to the memorandum of law that, on two different occasions, petitioner inquired into the status of his Central Office Appeal and, on both occasions was informed that his appeal was pending a response and that it was unclear

2

> The Second Chance Act provides that successful participation in skills development programming may be considered to increase the recommended Residential Reentry Center ("RRC") placement time. Your participation in programming will be appropriately considered, in addition to other relevant factors, in determining the recommendation for RRC placement. However, while program participation is an important factor in RRC consideration, there is no requirement that inmates receive a 12 month recommendation. An RRC recommendation is based on a variety of factors on an individual, case by case basis for each inmate.

(Id. at 33.)

## II. Discussion

Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir.2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)). Section 2241, unlike other federal habeas statutes,

---

how long a response would take. (Doc. 2, at 40-41.) To this date, the BOP has not responded to petitioner's Central Office Appeal. A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(holding that prisoner lacked available administrative remedy for exhaustion purposes where prisoner unable to file grievance because prison officials refused to provide him with necessary forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(finding that a remedy that prison officials prevent a prisoner from utilizing is not an available remedy under 1997e(a), such as where officials fail to respond to written requests.) Clearly, Hill exhausted all available remedies.

3

"confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c)(3)). This includes a challenge to the BOP's decision to exclude an inmate from release to an RRC. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)).

Section 17541 was created as a part of the Second Chance Act, and, by its plain language, requires the BOP to "provide incentives for prisoner participation in skills development programs." 42 U.S.C. § 17541(a)(1)(G). One such incentive may, "at the discretion of the [BOP]" include "the maximum allowable period in a community confinement facility." 42 U.S.C. § 17541(a)(2)(A). The issue of the BOP's consideration of § 17541(a)(1)(G) incentives was addressed by the Honorable Sylvia H. Rambo in the case of Krueger v. Martinez, 665 F. Supp. 2d 477 (M.D. Pa. 2009), and disposed of in the following manner:

> The court agrees that the language [of] § 17541 vests discretion with the BOP concerning the type of incentives to award. See 42 U.S.C. § 17541(a)(2)(A). However, the language clearly requires the establishment of an incentive program rewarding a prisoner's participation in skills development programs. See id. § 17541(a)(1)(G). Moreover, the fact that Congress specifically suggested one such incentive may be "the maximum allowable period in a community confinement facility" is illustrative of the types of incentives the BOP should consider.
>
> * * *
>
> The various responses received by Krueger inconsistently assert that either no incentive program exits [sic], that one does exist and that there is an incentive of a full 12-month placement in an RRC facility, or that Krueger's accomplishments are merely part of the § 3621(b) factors considered for all inmates. Thus, it is

4

unclear whether the BOP has implemented, or is in the process of implementing, an incentive program. Whatever the case may be, it is clear to this court that Congress intended that the BOP create incentives for a prisoner's participation in skills development program, see 42 U.S.C. § 17541(a)(1)(G), and that one of those incentives may be a 12-month placement in an RRC facility. See id. § 17541(a)(2)(A). Moreover, this consideration of incentives was clearly intended to be separate and distinct from the consideration under 18 U.S.C. § 3624(c) otherwise it would have been superfluous for Congress to have created an entirely distinct statutory framework. Because it is unclear whether the BOP ever separately considered a full RRC placement as an incentive under § 17541(a)(1)(G) for Krueger's skills development and educational achievements, the court will order Respondent to consider Krueger, in good faith, for a full 12-month RRC placement as an incentive under § 17541 separately from its determination under 18 U.S.C. § 3624(c).

(Id. at 485-86). See also, McDowell v. Scism, No. 4:CV-10-2187, 2011 WL 184013, at *5 (M.D.Pa. Jan. 20, 2011) (finding, *inter alia*, that the BOP failed to separately consider a full RRC placement as an incentive under § 17541(a)(1)(G) and ordering the BOP to consider petitioner, in good faith, for a full 12-month RRC placement separate and apart from the 18 U.S.C. § 3624 determination); Polishan v. Hubbard, No. 1:10-CV-1893, 2011 WL 43457, at *4 (M.D. Pa. Jan. 6, 2011) (same).

In the matter *sub judice*, review of the BOP's administrative responses to Hill's requests for administrative relief reveals that the BOP does not engage in a separate consideration for a 12-month RRC placement as an incentive under § 17541(a)(1)(G). (Doc. 2, at 33.) Rather, the practice is to consider participation in programming along with other relevant factors when making the 18 U.S.C. § 3624 determination. (Id.) Consequently, the court will order the BOP to consider Hill, in good faith, for a full 12-month RRC placement separate and apart from the 18 U.S.C. § 3624 determination.

5

## III. Conclusion

Based on the foregoing, the petition will be granted to the extent that the BOP will be ordered to consider separately, and in good faith, whether Hill should be awarded a 12-month RRC placement as an incentive for his participation in BOP skills development programs.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: February 18, 2011

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY HILL, | : | CIVIL NO. 3:CV-11-0080 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WILLIAM SCISM, | : | |
| Respondent | : | |

## ORDER

AND NOW, this 15th day of February 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is GRANTED to the extent that respondent shall consider forthwith, separately and in good faith, whether petitioner should be awarded a 12-month RRC placement as incentive for his participation in BOP skills development programs in accordance with 42 U.S.C. § 17541(a)(1)(G).

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court